[No. 21041. In Bank.—January 26, 1894.]

## Ex Parte AH CUE on Habeas Corpus.

Constitutional Law—State Chinese Exclusion Act—Regulation of
    Commerce.—The act of March 20, 1891, to prohibit Chinese persons
    from coming into the state, and prescribing terms and conditions upon
    which those residing in the state shall be permitted to remain or travel
    therein, is in excess of the power of the state, and in conflict with the
    constitution of the United States, which gives exclusive power to the
    general government to regulate commerce with foreign nations; and
    Congress, in the exercise of its constitutional power, having prescribed
    the terms upon which the Chinese now here shall be permitted to re-
    main within the United States, it is beyond the power of the state to
    impose any further conditions.

Hearing in the Supreme Court upon a writ of *habeas
corpus.*

The facts are stated in the opinion of the court.

*Thomas D. Riordan,* and *Harvey S. Brown,* for Peti-
tioner.

*Attorney General W. H. H. Hart, contra.*

The Court.—The petitioner was at the date of the is-
suance of the writ herein imprisoned by the chief of po-
lice of the city and county of San Francisco, charged with
the alleged crime of " unlawfully coming in, being, and·
remaining within the limits of the state of California,"
in violation of an act of the legislature of this state ap-
proved March 20, 1891 (Stats. 1891, p. 185), entitled: "An
act to prohibit the coming of Chinese persons into the
state, whether subjects of the Chinese Empire or other-
wise, and to provide for registration and certificates of
residence, and determine the *status* of all Chinese per-
sons now resident of this state, and fixing penalties and
punishments for violation of this act, and providing for
deportation of criminals." The main purpose of this
act, as shown by its title and by its provisions, is to
prohibit Chinese persons from coming into the state,
and also to prescribe terms and conditions upon which

those residing within the state shall be permitted to remain or travel between different points in the state. The power thus attempted to be exercised is one which belongs exclusively to the general government by virtue of its authority to regulate commerce with foreign nations (section 8, article 1, of the constitution of the United States), relating, as it does, to a subject matter in which all the people of the United States are concerned, and not alone those of the state of California. Congress, in the exercise of its constitutional power, has prescribed the terms upon which the Chinese now here shall be permitted to remain within the United States; and it is beyond· the power of the state to impose any further conditions. (*Ah Kow* v. *Nunan*, 5 Saw. 563. See also *Chinese Exclusion Case*, 130 U. S. 604; *Fong Yue Ting* v. *United States*, 149 U. S. 711, 712.) The statute under which the petitioner is held is so plainly in excess of the power of the state, and in conflict with the constitution of the United States, that any extended discussion of its provisions is wholly unnecessary. The petitioner is discharged.